UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RALPH E. LUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:07 CV 245 |
| | ) |
| MARLAND SANDS, and | ) |
| MICHAEL AUDRY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Ralph E. Luster, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983 . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("[a]ll pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 127 S.Ct. at 1965 (quotation marks and citations omitted).

Luster alleges that the defendants arrested him with an arrest warrant that they obtained without having first established the credibility of the paid confidential informant upon which they relied.

> Because each arrest was made pursuant to a facially valid warrant issued by a judicial officer, the detectives violated Beauchamp's rights only if reasonably well-trained officers in their positions should have known that the testimony or affidavits they provided in support of the warrants would have failed to establish probable cause, so that they should not have applied for the warrants in the first place. To demonstrate this, Beauchamp had to identify evidence in the record showing that Milligan or Dukette, knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable case existed for the arrests. A "reckless disregard for the truth" is demonstrated by showing that the officers entertained serious doubts as to the truth of their statements, had obvious reasons to doubt the accuracy of the information reported, or failed to inform the judicial officer of facts they knew would negate probable cause.

*Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-743 (7th Cir. 2003) (citations omitted).

> When there is a genuine dispute about whether a police officer could have reasonably relied in good faith upon a state judge's decision to issue a search warrant, reviewing courts are encouraged to consider this threshold question first: Did the affidavit provide the magistrate with a "substantial basis" to rule that there was probable cause? If the question is answered in the affirmative, then it follows that the officer's actions were reasonable. On the other hand, if this question is answered in the negative, then we must ascertain the answer to the question: Could the officer have reasonably believed that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause? By resolving the issue

3

of probable cause before addressing the question of good-faith reliance, we further the *Leon* Court's goal of establishing legal principles that will serve to guide future action by law enforcement officers and magistrates who review, issue, and apply for warrants.

When, as here, the affidavit is the only evidence presented to the warrant-issuing magistrate, the warrant must stand or fall solely on the contents of the affidavit. In the case before us, the name of the informant was undisclosed and the issuing magistrate was not presented with any live testimony. Thus, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

The court must examine the totality of the circumstances to determine whether the affidavit on its face established probable cause. Where the affidavit is supported by an informant's tip, the totality-of-the-circumstances inquiry encompasses several factors, including: (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant. The court should also consider whether the informant personally appeared and presented an affidavit or testified before the magistrate, thus allowing the judge to evaluate the informant's knowledge, demeanor, and sincerity.

The magistrate judge's decision to issue a warrant is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated. It is well-established that appellate courts may not uphold a warrant issued based solely on conclusory allegations. Even if the warrant application was supported by more than a "bare bones" affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate's probable-cause determination reflected

> an improper analysis of the totality of the circumstances or because the form of the warrant was improper in some respect.

*United States v. Koerth*, 312 F.3d 862, 867 (7th Cir. 2002) (citations, quotation marks, and section heading omitted).

Giving Luster the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim that Marland Sands and Michael Audry violated his Fourth Amendment rights by obtaining an arrest warrant for him knowing that their testimony or affidavits failed to establish probable cause.

Luster also alleges that they did not give a copy of the probable cause affidavit nor tell him the nature and cause of the charges against him. There is no constitutional obligation that arresting officers provide this material or information to an arrestee. Further, Luster states that he was later informed of the charges against him during his initial hearing. Therefore these claims will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Ralph E. Luster leave to proceed against Marland Sands and Michael Audry in their individual capacities for monetary damages on his Fourth Amendment claim that they obtained an arrest warrant for him knowing that their testimony or affidavits failed to establish probable cause;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Marland Sands and Michael Audry to the United States Marshals Service along with a copy of this order and a copy the complaint;

5

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Marland Sands and Michael Audry; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Marland Sands and Michael Audry respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and LOCAL RULE 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

**ENTER:** February 25, 2008

                                 s/ James T. Moody  
                                 JUDGE JAMES T. MOODY  
                                 UNITED STATES DISTRICT COURT