UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| RALPH E. LUSTER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 1:07-CV-245 |
| MARLAND SANDS, et al., | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is a motion for subpoena (Docket # 48) filed by *pro se* Plaintiff Ralph Luster, who is proceeding *in forma pauperis* in this § 1983 case in which he alleges a violation of his fourth amendment rights. In his motion, Luster requests that the Court grant his request to subpoena Grant County Deputy Prosecutor William Myers for certain exhibits from his criminal trial, explaining that he would like to use them in this civil action and in proceedings for post conviction relief. (Mot. for Subpoena 1.) For the following reasons, Luster's motion will be DENIED.

Federal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges afforded under 28 U.S.C. § 1915 for the purpose of preventing abuse of the court's process and harassment of both parties and non-parties. *See, e.g.*, *Westbrook v. M-R P'ship*, No. 1:07-CV-140, 2008 WL 711866, at *1 (N.D. Ind. Mar. 14, 2008); *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992) (citing *Estep v. United States*, 251 F.2d 579 (5th Cir. 1958)); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citing *Hecht v. Pro-Football, Inc.*, 46 F.R.D. 605, 606 (D.D.C. 1969)). "This power authorizes the Court to review indigent parties' subpoenae *duces tecum* before service and

to order the Marshals Service to reject service requests in certain circumstances." *Jackson*, 1992 WL 404537, at *5; *see also Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985); *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980).

"The decision of courts exercising inherent supervisory power over *in forma pauperis* subpoenae generally discuss factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case (*e.g.*, whether the requested information is merely cumulative of evidence already in hand or is available in a manner less oppressive to the subpoenaed party)." *Jackson*, 1992 WL 404537, at *6; *see, e.g.*, *Westbrook*, 2008 WL 711866, at *1*, Tuvalu v. Woodford*, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006); *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005); *Coleman v. St. Vincent DePaul Soc'y*, 144 F.R.D. 92, 96 (E.D. Wis. 1992). "[A] court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Jackson*, 1992 WL 404537, at *5; *see also Westbrook*, 2008 WL 711866, at *1; *Badman*, 139 F.R.D. at 605.

Here, Luster has made no attempt to discuss the relevance or materiality of the exhibits to the instant case. Therefore, he has utterly failed to demonstrate to the Court the necessity of the requested exhibits to proving his case against Defendants. *See Westbrook*, 2008 WL 711866, at *1; *Jackson*, 1992 WL 404537, at *6. Furthermore, Luster is not entitled to receive free copies of the exhibits simply because he desires to use them in a postconviction proceeding at some point in the future. *See United States v. Groce*, 838 F. Supp. 411, 414 (E.D. Wis. Nov. 24, 1993) ("[U]ntil a prisoner actually brings a proceeding under section 2255, he or she is not entitled . . .

to have costs for creating or copying such transcripts paid by the United States."); *see generally* 16A Fed. Proc. § 41:527.

Moreover, the record suggests that Luster may be, at least in part, simply trying to avoid being subjected to copying costs through his *in forma pauperis* status. The law is clear that Luster cannot shift the cost of obtaining discovery to the Court or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993); *Leadbetter v. City of Fort Wayne*, No. 1:06-CV-285, 2007 WL 2323109, at *2 (N.D. Ind. Aug. 10, 2007); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman*, 139 F.R.D. at 604-06; *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

Indeed, if Luster were to file a motion to compel on any such subpoena, or if Myers were to object to the subpoena, the Court could condition any subsequent order upon Luster advancing the copying costs for the exhibits.[1] *See Tuvalu*, 2006 WL 3201096, at *5 ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1) and by the court's duty to ensure that a subpoena does not impose undue burden or expense on a person subject to that subpoena." (internal quotation marks and citation omitted)); *Jackson*, 1992 WL 404537, at *6; *Badman*, 139 F.R.D. at 605. There is no indication

---

[1] Although Luster was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, nothing in that statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman*, 139 F.R.D. at 605-06; *Vickers v. Blackwell*, No. 3:91-CV-440RM, 1993 WL 243858, at *1 (N.D. Ind. July 2, 1993); *McAleese v. Owens*, No. 3:CV-88-1669, 1991 WL 329930, at *5 (W.D. Pa. Dec. 5, 1991).

here that Luster has made any provision for the cost of his requested discovery. Consequently, "[i]t would be a wasteful and frivolous expenditure of the Court's and the Marshals Service's time and resources to issue and serve such subpoenae if [Luster] has not made provision for his share of those costs beforehand." *Jackson*, 1992 WL 404537, at *6.

As a result, Luster's petition for a subpoena duces tecum with respect to Grant County Deputy Prosecutor William Myers (Docket # 48) is hereby DENIED. Luster is, however, granted leave to re-file his request, explaining why the requested exhibits would be relevant to his case and identifying the reasons, other than his financial situation, why he cannot obtain the documents through less oppressive means.[2]

SO ORDERED.

Entered this 29th day of September, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] In addition, on August 4, 2008, Luster filed a letter (Docket # 38), which the Court deemed to be a motion to compel certain documents he had requested from Defendants (Docket # 39). Defendants filed a response on August 20, 2008 (Docket # 43), stating that they have produced all of the documents responsive to Luster's request. Since Luster has not filed a reply in connection with his motion to compel, the Court presumes that he now has the requested documents and accordingly deems his motion (Docket # 38) MOOT.